CuRiA, per
Nott, J.
It is unnecessary to the determination of the question now submitted to us, to enter into a consideration of the statute of frauds. The first was a parol contract, and being without consideration could not have been enforced even if the statute of frauds had never existed. It was nothing more than a treaty containing the terms of a contract intended to be entered into, from which either party might have receded at any time before it was executed on either side. The contract was afterwards executed by the delivery of the cotton, and a promise to pay a stipulated price would have been obligatory if no writing had been given. The simple question therefore is, whether, according to the *505 rules of the common law, the parol evidence which was offered ought to have been received, to vary the written agreement into which the parties had entered.
mistake has made by ^rs™r™nfr’ calculation, or m¡stake in matter of feet in a written contract,parol be^Tim may Where a
AH parol agreements by tsubse-**1 quent writing,
A bill need contract to be writing,
With regard to the general rule of law there is no doubt. And the cases which are thought to have the most immediate relation to the subject have been referred to in the opinion which has been already delivered in the case of Blakely v. Hamilton. It has there been . . - . shewn, that when a mistake has been made by the conception of a scrivener, or error in calculation, or any other obvious mistake in matter of fact, parol evidence may be let in to shew such mistake. No such mistake is alleged in this case. It is contended, that although B the contract was reduced to writing, it was still understood that the contract should not be changed from tiie original verbal agreement. But it is a very well settled ° „ , , ° ,, , , , , , rule of law, that all parol agreements are concluded by a subsequent writing, and that no parol evidence can be admitted to shew a contract different from what the writing purports. The contract in this case was drawn by the defendant himself, and it was his own fault if he did not insert all the provisions of the agreement.
It is said that the bill does not state an agreement in writing, and that the party was surprized by the production of such an instrument. His counsel may have surprized and ought to have been surprized, that his client had not instructed him more correctly with regard to his defence. But the defendant could not have been surprized at the production of a contract written with his own hand. If the evidence offered in this case might be received, there is no case in which a parol condition might not be annexed to a written agreement. I am of opinion therefore, that the evidence was properly rejected, and that the decree of the Chancellor ought to be affirmed.

Decree affirmed.